**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: May 8 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-36900 |
| | ) | |
| Peggy Wagner, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 11-3020 |
| | ) | |
| FIA Card Services, N.A., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Peggy Wagner, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

  This adversary proceeding is before the court on Plaintiff's Motion for Partial Judgment on the Pleadings [Doc. # 18] and what the court construes as an answer filed pro se by Defendant [Doc. # 17]. Defendant is the debtor in the underlying Chapter 7 case.

  Plaintiff alleges in its complaint that a debt owed to it by Defendant should be excepted from her discharge under 11 U.S.C. § 523(a)(2). Specifically, Plaintiff alleges that it extended Defendant consumer credit under an open end credit plan and that Defendant obtained fourteen cash advances totaling $4,862.75 with related fees totaling $196.92 within seventy days before Defendant filed her Chapter 7 petition and incurred charges totaling $2,444.88 for luxury goods or services within ninety days before filing her

petition. Defendant's answer states in its entirety as follows:

> In regard to Case No 10-36900. I received a letter today stating that FIA Card Services were stating that I intended to take cash before I filed bankruptcy. I did not intend to file bankruptcy!!
>
> I was using one Bank Card to pay another until I could go to the credit counseling and have them set me up with a payment plan. It was then that they advised me that because of my income, I could not pay my debts and to file bankruptcy. I never tried to cheat anyone.

[Doc. # 17].

Plaintiff moves for judgment on the pleadings only as to the nondischargeability of debt owed for the cash advances and fees associated with those advances. For the reasons that follow, Plaintiff's motion will be denied.

## **LAW AND ANALYSIS**

The proper standard for deciding a Rule 12(c) motion is the same as for a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Under that standard, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true;" however, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82. A Rule 12(c) motion may be granted only "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582.

In its motion, Plaintiff seeks a determination that the debt owed to it by Defendant as a result of the cash advances obtained during the seventy-day period before she filed her Chapter 7 petition is non-dischargeable under 11 U.S.C. § 523(a)(2). That section provides, in relevant part, as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> . . . .
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > . . . .
> > > (C))(i) for purposes of subparagraph (A)--
> > > . . . .
> > > > (II) cash advances aggregating more than $875 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable. . . .

2

11 U.S.C. § 523(a)(2) (2009).

In order to except a debt from discharge under § 523(a)(2)(A), a plaintiff must generally prove the following elements by a preponderance of the evidence:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). A debtor's intent to defraud a creditor is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.* at 281-82.

While "the use of a credit card represents either an actual or implied intent to repay the debt incurred," the mere inability to pay the debt at the time it is incurred does not establish fraud. *Rembert*, 141 F.3d at 281. Instead, the creditor must generally show that "'the debtor maliciously and in bad faith incurred credit card debt with the intention of petitioning for bankruptcy and avoiding the debt.'" *Id.* (quoting *Anastas v. Am. Savings Bank (In re Anastas)*, 94 F.3d 1280, 1286 (9th Cir. 1996)). However, where a debtor has obtained more than $875 in cash advances under an open end credit plan that is owed to a single creditor, § 523(a)(2)(C) "creates a presumption of fraud in favor of the creditor and is to be used to prevent 'the perceived practice of "loading up" by certain debtors.'" *Lorain County Bank v. Triplett (In re Triplett)*, 139 B.R. 687, 689-90 (Bankr. N.D. Ohio 1992) (quoting *Norwest Financial Consumer Discount Co. v. Koch (In re Koch)*, 83 B.R. 898, 901 (Bankr. E.D. Pa. 1988)). The burden is then on the debtor to produce some evidence to rebut the presumption, that is, to demonstrate that the debt was not incurred in contemplation of discharge in bankruptcy and thus a fraudulent debt. *Sears, Roebuck and Co. v. Cline (In re Cline)*, 282 B.R. 493, 496 (Bankr. W.D. Wash. 2002) (stating that "a presumption vanishes when put in question by rebutting evidence"); Fed. R. Evid. 301 (providing that "unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally.").

In this case, Plaintiff alleges in its complaint that it extended consumer credit under an open end credit plan to Debtor and that Debtor obtained cash advances and incurred related fees totaling $5,059.67 within seventy days of filing her Chapter 7 petition. Since Defendant does not deny these allegations in her answer, they are admitted. *See* Fed. R. Civ. P. 8(b)(6); Fed. R. Bankr. P. 7008(a). Nevertheless, in her answer, Defendant alleges that she was using one bank card to pay another until she could get credit

3

counseling and have a payment plan set up for her and that she "never tried to cheat anyone." [Doc. # 17]. She further alleges that it was not until she obtained credit counseling that she was advised to file bankruptcy. A pro se pleading such as Defendant's answer, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estell v. Gamble*, 429 U.S. 97, 106 (1976). Defendant's explanation, if true, tends to rebut the presumption created by § 523(a)(2)(C) that the cash advances were fraudulently obtained and, thus, dischargeable. *See Baker v. Wentland (In re Wentland)*, 410 B.R. 585, 594 (Bankr. N.D. Ohio 2009) (quoting *Buckeye Retirement Co., LLC v. Kakde (In re Kakde)* 382 B.R. 411, 427 (Bankr. S.D. Ohio 2008) ("If there is room for an inference of honest intent, the question of nondischargeability must be resolved in favor of the debtor.")). And, as explained above, to the extent that Defendant offers evidence in support of her allegations that rebuts the presumption, the presumption vanishes entirely and the question of whether the debt was incurred with fraudulent intent must be decided as any ordinary question of fact.

Extending a liberal construction to her answer and accepting her allegations as true, the court finds that a material issue of fact exists as to whether the debt owed by Defendant for the cash advances is a debt for money obtained by fraud. As such, Plaintiff is not entitled to partial judgment on the pleadings.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Partial Judgment on the Pleadings [Doc. # 18] be, and hereby is, **DENIED.**