**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: December 28 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-36900 |
| | ) | |
| Peggy Wagner, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 11-3020 |
| | ) | |
| FIA Card Services, N.A., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Peggy Wagner, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
RE: MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Plaintiff's Motion for Summary Judgment ("Motion") [Doc. # 29] and Defendant's response [Doc. # 30]. Defendant is the debtor in the underlying Chapter 7 case. She is representing herself both in the Chapter 7 case and in this adversary proceeding. Plaintiff alleges in its complaint that the debt owed to it by Defendant under an open-end credit plan should be excepted from discharge under 11 U.S.C. § 523(a)(2).

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7

of the United States District Court for the Northern District of Ohio. Proceedings to determine dischargeability of debts are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I). For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

**A. Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

**B. Plaintiff's Motion for Summary Judgment**

Plaintiff seeks a nondischargeability determination under § 523(a)(2) with respect to debt owed by Defendant for cash advances obtained within seventy days before she filed her Chapter 7 petition and fees associated with those advances and for charges for certain goods or services that were made on her account within ninety days of filing. Plaintiff argues that such debt is presumed to be nondischargeable. Plaintiff also argues that it is a debt for money, property or services obtained by Defendant's false representation that she intended to repay.

Section 523(a)(2) provides in relevant part as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> . . . .
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > > . . . .
> > > (C)(i) for purposes of subparagraph (A)--

2

> > (I) consumer debts owed to a single creditor and aggregating more than $600 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and
>
> > (II) cash advances aggregating more than $875 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable; and
>
> (ii) for purposes of this subparagraph –
> . . . .
> > (II) the term "luxury goods or services" does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor.

11 U.S.C. § 523(a)(2) (2009).

In order to except a debt from discharge under § 523(a)(2)(A), a plaintiff must generally prove the following elements by a preponderance of the evidence:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). A debtor's intent to defraud a creditor is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.* at 281-82.

In this case, Plaintiff alleges in its complaint that it extended consumer credit under an open end credit plan to Defendant and that Defendant obtained cash advances in the total amount of $4,862.75 and incurred related fees in the amount of $196.92 within seventy days of filing her Chapter 7 petition. [Doc. # 1, ¶¶ 7-20]. Plaintiff further alleges that Defendant incurred twenty-nine charges on her account for goods or services not reasonably necessary for her maintenance and support or that of a dependent of Defendant. [*Id.* at ¶¶ 23-51]. Since Defendant does not deny these allegations in her answer, they are admitted. *See* Fed. R. Civ. P. 8(b)(6); Fed. R. Bankr. P. 7008(a). That is the sum and substance of the evidence before the court. Plaintiff nevertheless relies on a document attached to its motion entitled "Requests for Admissions" that includes forty specific requests of Defendant for admission of facts. [Doc. # 29, Ex. 2]. In the "Response" section under each request, there is a notation, "Admitted pursuant to F.R.B.P. 7036 [F.R.C.P. 36(b)]." [*Id.*]. The document is signed only by counsel for Plaintiff. Rule 36(b), which simply provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the

admission to be withdrawn or amended," does not support a finding that Defendant admitted any fact as requested. To the extent that Plaintiff is attempting to assert that the purported admissions are due to Defendant's failure to respond to Plaintiff's request for admissions, *see* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"), it has offered no evidence from which the court can so conclude that meets the requirements of Rule 56, such as an affidavit stating that Defendant was served with the Request for Admissions and failed to timely respond or object to the request. *See* Fed. R. Civ. P. 56(c).

Nevertheless, as stated above, in her answer, Defendant did not deny, and so admitted, that she obtained cash advances totaling $4,862.75 under an open end credit plan with Plaintiff within seventy days before she filed her Chapter 7 petition. Because the cash advances total more than $875, under § 523(a)(2)(C)(i)(II), there is a presumption that the debt owed by Defendant for such advances is nondischargeable. *See Lorain County Bank v. Triplett (In re Triplett)*, 139 B.R. 687, 689-90 (Bankr. N.D. Ohio 1992) (quoting *Norwest Financial Consumer Discount Co. v. Koch (In re Koch)*, 83 B.R. 898, 901 (Bankr. E.D. Pa. 1988)) (stating that § 523(a)(2)(C) "creates a presumption of fraud in favor of the creditor and is to be used to prevent 'the perceived practice of "loading up" by certain debtors.'"). The burden was then on Defendant to produce some evidence to rebut the presumption, that is, to demonstrate that the debt was not incurred in contemplation of discharge in bankruptcy and thus a fraudulent debt. *Sears, Roebuck and Co. v. Cline (In re Cline)*, 282 B.R. 493, 496 (Bankr. W.D. Wash. 2002) (stating that "a presumption vanishes when put in question by rebutting evidence"); Fed. R. Bankr. P. 9017; Fed. R. Evid. 301 (providing that "unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally."). Although Defendant argues in her response to Plaintiff's Motion that she "always thought [she] could make small payments to bills to repay [her] debts" and that she did not use her credit card "with the thought of bankruptcy," her unsworn arguments do not constitute proper rebutting evidence. *See Duha v. Agrium, Inc.,* 448 F.3d 867, 879 (6th Cir. 2006) (stating that "[a]rguments in parties' briefs are not evidence"). Defendant having failed to rebut the presumption of nondischargeability with respect to the $4,862.75 in cash advances obtained by her within seventy days of filing her petition, Plaintiff is entitled to summary judgment as to that portion of the debt owed to it by Defendant.

Plaintiff also seeks a nondischargeability determination under § 523(a)(2)(C)(i)(II) with respect to the debt for fees totaling $196.92 imposed by Plaintiff that are associated with the cash advances obtained

4

by Defendant. While those fees may be found nondischargeable under § 523(a)(2)(A), the presumption afforded by § 523(a)(2)(C)(i)(II) relates only to a debt for "cash advances," not to a debt for fees imposed by a creditor when the cash advances are obtained. *See Rembert,* 141 F.3d at 281 ("[E]xceptions to discharge are to be strictly construed against the creditor."). Unlike the actual cash advances, which is all that the statutory presumption expressly addresses, Debtor did not receive the fees charged by Plaintiff.

Plaintiff also argues that Defendant incurred charges for goods or services not reasonably necessary for her maintenance and support or for that of a dependant of Defendant. According to Plaintiff, the debt for those charges is presumed to be nondischargeable under § 523(a)(2)(C)(i)(I). There is, however, no evidence of record supporting this argument.

Initially, the court notes that neither Plaintiff's complaint nor its Motion includes any allegation that charges for goods and services were made within ninety days *before* the date Defendant filed her bankruptcy petition. Both the Motion and the relevant paragraphs of the complaint allege that twenty-nine charges were made for goods and services not reasonably believed to be necessary for the maintenance and support of Defendant or her dependant between August 17, 2011, and September 10, 2011, which are all dates *after* the October 8, 2010, filing date of Defendant's petition. [Doc. # 1, ¶¶ 23-51; Doc. # 29, ¶ 9]. While the court assumes these dates are not accurate since the dates all occurred after the date this adversary proceeding was commenced, Plaintiff has not amended its complaint and the court may not assume that the charges were incurred in 2010.

Moreover, the presumption under § 523(a)(2)(C)(i)(I) upon which Plaintiff relies arises only where charges for luxury goods and services are incurred. In support of the fact that the charges were for luxury goods and services, Plaintiff relies solely on the Request for Admissions, which, as discussed above, does not constitute proper Rule 56 evidence. Although Defendant did not deny, and so admitted, allegations in Plaintiff's complaint that charges were incurred by her "for goods and services not reasonably believed to be reasonably necessary for the maintenance and support of [Defendant] nor a dependent of [Defendant]" [*Id.*; Doc. # 17], such admission does not constitute an admission that they were "luxury" goods and services.

Excluded from the scope of "luxury goods and services" are good or services "reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor." § 523(a)(2)(C)(ii)(II). This exclusion, however, does not equate unnecessary goods or services with luxury goods or services. *See Fifth Third Bank v. Alexo (In re Alexo)*, 436 B.R. 44, 49 (Bankr. N.D. Ohio 2010) (explaining that a purchase may not qualify as one automatically excluded from the definitional scope of a luxury good or service but still not rise to the level of a luxury good or service); *Shah v. Shaw (In re Shaw),* 294 B.R. 652, 655 (Bankr.

W.D. Pa. 2003) (quoting *Montgomery Ward and Co. v. Blackburn (In re Blackburn)*, 68 B.R. 870, 874 (Bankr. N.D. Ind. 1987), and stating that, "as a matter of law, '[c]ertain goods [or services] may not qualify as necessities and [they] still [will] not be luxuries'"). As explained in *Blackburn*, "the exclusion of necessary expenses serves only to identify the opposite extreme from luxury, rather than identifying a point on a scale after which goods can no longer be considered luxuries. . . ." *Blackburn*, 68 B.R. at 874. As Plaintiff neither alleges in its complaint nor offers any evidence that charges for goods or services were made within ninety days before Defendant filed her bankruptcy petition and offers no evidence that the alleged charges for good and services were, in fact, luxury goods and services, its motion for summary judgment will be denied as to the portion of the debt owed by Defendant relating to those charges.

Although Plaintiff has not shown that a presumption of fraud exists with respect to the debt for fees charged in connection with the cash advances obtained by Defendant, such expenses may still be found to be non-dischargeable to the extent Plaintiff demonstrates each element of its claim under § 523(a)(2)(A).[1] To that end, Plaintiff argues that it relied to its detriment on Defendant's false representations that she would pay the credit card debt that she incurred, which representations Plaintiff argues were made each time Defendant used the credit card issued by it. According to Plaintiff, Defendant has admitted that the charges were incurred without a present intent to repay the extension of credit. However, Defendant's answer to Plaintiff's complaint specifically alleges that she was using one bank card to pay another until she could get credit counseling and have a payment plan set up for her and that she "never tried to cheat anyone." [Doc. # 17]. She further alleges that it was not until she obtained credit counseling that she was advised to file bankruptcy. [*Id.*]. While perhaps inartfully pleaded, Defendant's allegations serve as a denial of an intent not to pay the credit card debt at the time it was incurred. *See Estell v. Gamble*, 429 U.S. 97,106 (1976) (requiring pro se pleadings to be held to less stringent standards than formal pleadings drafted by lawyers). Nevertheless, Plaintiff also argues that the fact that Defendant's bankruptcy schedules show that she had a monthly budget deficit of $59.00 and that she was insolvent on the date of filing demonstrate that she incurred the debt without a present intent to repay. The court disagrees.

A finding of fraudulent intent may be made on the basis of circumstantial evidence, as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo),* 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999). However, where a debtor's subjective intent is at issue, summary judgment is generally inappropriate unless all reasonable inferences defeat the claims of the opposing party. *Sicherman v. Rivera (In re Rivera)*, 338

---

[1] The court does not further discuss the dischargeability of debt owed by Defendant due to charges incurred for goods and services since the allegations in the Complaint and facts presented in Plaintiff's Motion indicate that all such charges occurred post-petition. *See* 11 U.S.C. § 727(b) (providing that a Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief")

B.R. 318, 327 (Bankr. N.D. Ohio 2006) (citing *Hoover v. Radabaugh*, 307 F.3d 460, 467 (6th Cir.2002) ("When the defendants' intent is at issue, summary judgment is particularly inappropriate") and *Gertsch v. Johnson & Johnson Finance Corp. (In re Gertsch)*, 237 B.R. 160, 165 (B.A.P. 9th Cir. 1999) ("Where intent is at issue, summary judgment is seldom granted, however, summary judgment is appropriate if all reasonable inferences defeat the claims of one side")).

While it is true that "the use of a credit card represents either an actual or implied intent to repay the debt incurred," the mere inability to pay the debt at the time it is incurred does not establish fraud. *Rembert*, 141 F.3d at 281. As the Sixth Circuit explains in *Rembert*:

> "[T]he representation made by the cardholder in a credit card transaction is not that he has an ability to repay the debt; it is that he has an intention to repay." To measure a debtor's intention to repay by her ability to do so, without more, would be contrary to one of the main reasons consumers use credit cards: because they often lack the ability to pay in full at the time they desire credit. Further, the language of § 523(a)(2)(A) expressly prohibits using a "statement respecting the debtor's or an insider's financial condition" as a basis for fraud.

*Rembert*, 141 F.3d at 281 (internal citations omitted). Instead, the creditor must generally show that "'the debtor maliciously and in bad faith incurred credit card debt with the intention of petitioning for bankruptcy and avoiding the debt.'" *Id.* (quoting *Anastas v. Am. Savings Bank (In re Anastas)*, 94 F.3d 1280, 1286 (9th Cir. 1996)). The record before the court may at least arguably support a finding that Defendant did not have the ability to repay the debt that she incurred at the time it was incurred.[2] But, employing the reasoning in *Rembert*, the record does not permit a reasonable inference that Plaintiff did not intend to repay the debt.

## **CONCLUSION**

Plaintiff having satisfied its burden under § 523(a)(2)(C)(i)(II), the court will grant summary judgment with respect the debt owed by Defendant for cash advances in the amount of $4,862.75. However, Plaintiff has not met its burden under § 523(a)(2)(A) or § 523(a)(2)(C)(i)(I), and summary judgment will be denied with respect to the balance of the debt owed to Plaintiff by Defendant.

Not all claims having been determined by this order, the court cannot find that there is no just reason for delay and enter a judgment until all of Plaintiff's claims are decided. Fed. R. Bankr. P. 7054, Fed. R. Civ. P. 54(b). The remaining claims will be set for trial by a separate scheduling order, with any final judgment on the complaint to await the conclusion of trial.

**THEREFORE,** for the foregoing reasons, good cause appearing,

---

[2] On the other hand, Defendant's bankruptcy schedules that Plaintiff relies on reflect Defendant's financial condition on the date she filed her bankruptcy petition and, thus, arguably support only a finding that, on that date, Defendant was unable to repay the debt.

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment be, and hereby is, **GRANTED** with respect to the debt owed by Defendant for cash advances in the amount of $4,862.75 and is **DENIED** with respect to the balance of the debt owed to Plaintiff.

###